THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Frank Zandier,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-459 |
| | ) |
| **Babcock & Wilcox Construction Co., Inc.** | ) |
| **and P.W. Waanders** | ) |
| | ) |
| Defendants, | ) |
| | ) |

**MEMORANDUM OPINION**

Pending before the Court are three motions in limine filed by the parties in this breach of contract action, including one motion filed by the Plaintiff, Frank Zandier, and two motions filed by the Defendants, Babcock & Wilcox Construction Company, Inc. ("BWCC") and its former vice president and general manager, P.W. Waanders. The Defendants have also moved for leave to amend their pretrial statement in conjunction with its opposition to Plaintiff's motion in limine, on the denial of which the Defendants' motion is conditioned. The motions have been fully briefed and are now ripe for disposition. The Court will address each in turn.

I.  **Background**

The parties are intimately familiar with the factual background of this case, so the Court need not discuss the facts at length herein. Zandier, a former project manager with BWCC, alleges that BWCC failed to pay Zandier certain bonus monies under BWCC's bonus program entitled the Project Team Incentive Plan ("PTIP"). Zandier claims that he

was entitled to a bonus payout under the terms of the plan he allegedly signed unto ("2001 PTIP"), not the successor plan that was adopted and applied retroactively ("2009 PTIP"). In essence, the parties dispute whether BWCC breached a contract to pay Zandier a bonus under the terms of the 2001 PTIP.

## II. Plaintiff's Motion

### A. Plaintiff's motion in limine to exclude testimony or other evidence that Zandier received discretionary bonuses under the Salaried Employees Incentive Program (ECF No. 70).

Plaintiff, predicting that Defendants would introduce evidence to abate Plaintiff's calculation of damages if a contract was found under the terms of the 2001 PTIP, anticipatorily moves to exclude evidence relating to the bonuses he received under the Salaried Employees Incentive Program ("SEIP"). SEIP is BWCC's separate bonus program which issues both discretionary and non-discretionary bonuses each year. Under the terms of the 2001 PTIP, discretionary SEIP bonuses are deducted from employees' PTIP payout; under the terms of the 2009 PTIP, they are not.

Plaintiff moves to exclude Defendants' proposed evidence—testimony and other evidence that Zandier received discretionary SEIP bonuses in years 2007-2010—on the basis that it constitutes a claim for setoff or recoupment of damages, which must be pled as an affirmative defense under Pennsylvania law. "A recoupment (literally a 'cutting out') is a counterclaim arising out of the contract sued upon; a set-off is a counterclaim arising from an independent transaction." *Nw. Nat. Bank v. Commonwealth*, 27 A.2d 20, 27 (Pa. 1942). It is true, as Plaintiff argues, that a failure to plead an affirmative defense constitutes a waiver of that claim. However, the Court is unpersuaded that Defendants

seek setoff or recoupment, which are narrowly-construed, common law defenses that require, in essence, a counterclaim. Rather, Defendants intend to use Zandier's receipt of SEIP bonuses to counter his calculation of damages under the 2001 PTIP, if, at trial, the jury finds that a contract was formed.

Moreover, the proposed evidence would make the existence of a contract under the terms of the 2001 PTIP more or less probable. Defendants intend to use the SEIP evidence to show that BWCC paid Zandier SEIP bonuses pursuant to the terms of the 2009 PTIP and to suggest that Zandier knew he would be paid under the 2009 PTIP. The parties dispute whether SEIP bonuses are deducted for every year in which the employee *participated* in the 2001 PTIP, or only for the year in which the employee *received* a PTIP payout. Still, if Defendants can show that the former is true, then Defendants' proposed evidence is relevant to the breach of contract claim. Of course, the parties may continue to dispute this issue at trial.

Therefore, Plaintiff's motion in limine will be DENIED.

### III. Defendants' Motions

#### A. Defendants' Motion for Leave to Amend Defendants' Pretrial Statement (ECF No. 78).

In conjunction with their opposition to Plaintiff's aforementioned motion in limine, Defendants move to amend their pretrial statement in order to add certain exhibits relating to the discretionary SEIP bonuses Zandier received during his alleged participation in the 2001 PTIP. Because we conclude that this evidence is relevant, *see supra* Part II.A., we will GRANT Defendants' Motion for Leave to Amend Defendants' Pretrial Statement.

## B. Defendants' Motion in Limine to Exclude Plaintiff's Exhibit 5 and Related Evidence (ECF No. 73).

Defendants move to exclude an October 5, 2009, letter to Zandier regarding BWCC's Voluntary Reduction in Force ("VRIF") program, which offered employees aged sixty or above with at least five years of service at BWCC enhanced severance benefits if they voluntarily left the company. It is undisputed that Zandier qualified for this program. However, Zandier alleges that he was induced to forego the VRIF option because of language used in the 2001 PTIP documents that led him to believe he would be ineligible for PTIP benefits if he voluntarily resigned, and because his anticipated compensation under the 2001 PTIP was more beneficial than the VRIF option.

Defendants' basis for exclusion of the VRIF letter is as follows: because at summary judgment the Court dismissed Zandier's promissory estoppel claim, which alleged that he relied on the 2001 PTIP to his detriment by declining to participate in VRIF, the letter has no relevance to the remaining breach of contract claim. However, the fact that Zandier did not participate in the VRIF program shows *some* likelihood that he was performing a unilateral contract under the terms of the 2001 PTIP and *some* likelihood that BWCC did not give clear and unambiguous notice that it was revoking that offer (as it alleged). Importantly, Defendants do not allege that the 2009 PTIP included the same terms that led Zandier to believe he would be ineligible for his bonus under the 2001 PTIP. By extension, Zandier's decision to decline the VRIF option makes it more probable that he did so in reliance on the 2001 PTIP.

Therefore, Defendants' first motion in limine will be DENIED.

**C. Defendants' Motion in Limine to Exclude Plaintiff's Exhibit 6 and Related Evidence (ECF No. 75).**

Finally, Defendants move to exclude a series of emails from Fred Owens, a BWCC employee, that discuss operational issues and milestones for the projects for which Zandier was enrolled in the PTIP. At summary judgment, Zandier used these emails to argue that the projects were completed in different years and, therefore, should not be aggregated for purposes of a cap on his bonus payout under the PTIP. The Court unambiguously found that both projects were completed in the same year.

Defendants' basis for exclusion is that, presuming the emails are being offered for the same reason, the emails are not relevant to the breach of contract issue. Zandier counters that the emails are not being offered to show that the projects were completed in different years, but to (1) corroborate Zandier's timeline at trial and (2) show that BWCC and the employees on these projects engaged in profit-seeking behavior pursuant to PTIP. However, as alleged here, the first rationale is not necessarily probative with regard to the existence of a contract, nor is the second rationale probative with regard to whether the company/employees were motivated by the 2001 PTIP or the 2009 PTIP.

However, because it is possible that the evidence may become relevant at trial, i.e., if one or both of these issues becomes disputed, the Court will withhold ruling on Defendants' second motion in limine until then.

By the Court,

_s/ D. Michael Fisher_

Circuit Judge
                                               Sitting by Designation

Dated: July 10, 2015

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**Frank Zandier,** )
)
        **Plaintiff,** )
)
v. ) **Civil Action No. 13-459**
)
**Babcock & Wilcox Construction Co., Inc.** )
**and P.W. Waanders** )
)
        **Defendants,** )
)

## ORDER

AND NOW, this 10th day of July, 2015, upon consideration of the parties' motions and responses thereto, it is hereby ORDERED as follows:

1. Plaintiff's Motion in Limine to exclude testimony or other evidence that Zandier received discretionary bonuses under the Salaried Employees Incentive Program (ECF No. 70) is DENIED.

2. Defendants' Motion in Limine to Exclude Plaintiff's Exhibit 5 and Related Evidence (ECF No. 73) is DENIED.

3. The Court withholds ruling on Defendants' Motion in Limine to Exclude Plaintiff's Exhibit 6 and Related Evidence (ECF No. 75).

4. Defendants' Motion for Leave to Amend Defendants' Pretrial Statement (ECF No. 78) is GRANTED.

As set forth in the accompanying Memorandum Opinion.

    IT IS SO ORDERED.


    By the Court,

*s/ D. Michael Fisher*  
Circuit Judge  
Sitting by Designation

Dated: July 10, 2015